UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


CHARLES E. HICKMAN          )
                                    )
        Petitioner,         )
                                    )
v.                             )        3:00-cv-606
                                    )        3:96-cr-107
                                    )        *Jarvis*
                                    )
UNITED STATES OF AMERICA    )
                                    )
        Respondent.     )


## <u>MEMORANDUM OPINION</u>


      This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Charles E. Hickman ("Hickman"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.


I. <u>Standard of Review</u>


      This court must vacate and set aside Hickman's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hickman "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Hickman is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual Background</u>

Hickman pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced, as an armed career criminal under 18 U.S.C. § 924(e), to concurrent terms of 262 months imprisonment. The firearm in question was forfeited and ordered confiscated and disposed of. Hickman appealed the court's denial of a three-point downward adjustment for acceptance of responsibility; the U.S. Court of Appeals for the Sixth Circuit affirmed and the U.S. Supreme Court denied certiorari. *United States v. Hickman*, No. 98-5557, 1999 WL 397951 (6th Cir. June 3, 1999), *cert. denied*, 528 U.S. 978 (November 1, 1999).

In support of his § 2255 motion to vacate sentence, Hickman alleges the following: (1) improper indictment; (2) improper conduct of Assistant U.S. Attorney; (3) ineffective assistance of counsel; and (4) improper and unknowing plea agreement. In supplements to the § 2255 motion, Hickman also alleges that his sentence constitutes cruel and unusual punishment, that it constitutes disparate treatment with respect to other drug traffickers, and that he did not qualify for enhancement as an armed career offender.

II.   Discussion

*A.  Improper Indictment*

Hickman was indicted in a four-count indictment. Count one charged possession with intent to distribute cocaine, count two charged felon in possession of a firearm, and counts three and four provided for forfeiture and disposal of the firearm charged in count two. Hickman claims he was subjected to double jeopardy because counts two, three, and four each pertained to the same firearm. This argument, however, lacks merit. *See, e.g., United States v. Clementi*, 70 F.3d 997 (8th Cir. 1995).

> Because it simply cannot be punishment to take from a criminal that which the law forbids him to possess, the forfeiture of firearms under 18 U.S.C. § 924(d) is not punishment. Accordingly, based on the controlling law of *Firearms*[1] and our reasoning in *$21,282.00 in U.S. Currency*[2], we hold that jeopardy does not attach to a § 924(d) forfeiture of firearms found in the possession of a felon.

---

[1]*United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984).

[2]*United States v. $21,282.00 in U.S. Currency*, 47 F.3d 972 (8th Cir. 1995).

70 F.3d at 1000 (footnote omitted).

Hickman further alleges that the indictment failed to give notice of the amount of cocaine for which he would be held responsible. This allegation apparently refers to the Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided after Hickman's conviction. The Supreme Court, however, has not held that *Apprendi* should be applied retroactively. *See Tyler v. Cain*, 533 U.S. 656, 664 (2001) (with respect to whether a new rule of constitutional law has been made retroactive by the Supreme Court to cases on collateral review, "'made' means 'held'"). *See also United States v. Evans*, No. 01-6192, 2002 WL 1869444 (6th Cir. August 13, 2002) (unpublished decision) ("the great weight of authority holds that *Apprendi* is not available for retroactive application on collateral review") (citations omitted).

In a supplement to the § 2255 motion, Hickman also refers to the Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Hickman's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted).

In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769.

The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id.* The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, No. 05-5130, 74 U.S.L.W. 3207, 2005 WL 1671557 (October 3, 2005). Accordingly, neither *Apprendi*, *Blakely*, or *Booker* afford Hickman any relief.

## B. Improper Conduct of Assistant U.S. Attorney

Hickman alleges the Assistant U.S. Attorney used false information and hearsay testimony to indict him. According to Hickman, there was no evidence to support the use of a firearm in counts three and four. Hickman also claims that, since counts three and four had the same evidence as count two, this constituted double counting. As the court has already noted, however, counts three and four merely provided for forfeiture of the firearm referenced in count two. Thus, Hickman's allegation of improper conduct on the part of the prosecutor lacks merit.

## C. Ineffective Assistance of Counsel

Hickman alleges his trial attorney did not inform him of the impact of the plea or clearly explain what Hickman was pleading to. He also claims his trial attorney was not present at the initial appearance, did not explain why bond was denied, and did not negotiate dismissal of the gun charge. Hickman further alleges that the attorney appointed to represent him on appeal never met with him in person.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Hickman must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In order to claim that his guilty plea was involuntary because of ineffective assistance of counsel, Hickman must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). *See also Strickland v. Washington*, 466 U.S. at 687-88; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *McMann v. Richardson*, 397 U.S. at 771; *Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir. 1987). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

The fact that Hickman's attorney was not present at the initial appearance does not constitute ineffective assistance of counsel. An initial appearance is largely administrative and is not a critical stage in the criminal proceedings. *See, e.g., United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1471 (11th Cir. 1992); *United States v. Perez*, 776 F.2d 797, 800 (9th Cir. 1985).

Counsel was present for the detention hearing. Magistrate Judge Robert P. Murrian made abundantly clear in his order of detention the reasons for denial of bond or other pretrial release. Judge Murrian noted Hickman's lengthy criminal history and that "[t]he main danger that the defendant poses is that his business is cocaine trafficking." [Criminal Action No. 3:96-cr-107, Court File No. 11, Order of Detention Pending Trial, p. 5]. Judge Murrian concluded that the government had "shown by clear and convincing evidence that there are no conditions or combination of conditions which would reasonably assure the

safety of the community if the defendant is released on bond." [*Id*. at 6]. Thus, whether counsel informed Hickman of the reasons for the denial of bond or not, it is clear that Hickman was aware of the reasons.

Hickman alleges that his attorney did not pursue dismissal of the gun charge. He has offered no proof, however, beyond his conclusory statement, that his attorney did not pursue negotiations as to the gun charge. A § 2255 movant has the burden of proving the substance of his allegations and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Hickman claims that, by not meeting in person with the attorney appointed to represent him on appeal, the attorney failed to get a clear understanding of Hickman's needs on appeal. Hickman does not state, however, what additional issues should have been raised on appeal.

The court has considered and rejected, in the next part of this opinion, Hickman's claim that counsel failed to explain the impact of the plea, rendering the guilty plea involuntary. Thus, Hickman has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### D. Improper and Unknowing Plea Agreement

Hickman alleges he was not aware of the consequences of pleading guilty because his attorney did not inform him of his rights. In accepting Hickman's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, Hickman and the court specifically engaged in the following exchange:

THE COURT: Now, you have signed a plea agreement in this case. You have also entered into a stipulation of fact, have you not, sir?

MR. HICKMAN: Yes, sir.

THE COURT: Where you agreed to certain factual matters that are the basis of the charges here.

MR. HICKMAN: Yes, sir.

THE COURT: And this is your signature on here?

MR. HICKMAN: Yes, sir.

THE COURT: I take it by you signing that you agree with it?

MR. HICKMAN: Yes, sir.

THE COURT: And you understand that we are dealing here with, as far as this agreement, this stipulation of fact here, 22 individually wrapped packages of cocaine each containing about an ounce of cocaine. We are talking about 22 ounces of cocaine.

MR. HICKMAN: Yes, sir, 23 maybe.

THE COURT: 23. Are there other drugs involved here in these charges other than this 22 ounces?

MR. COOK: No, Your Honor. I think there may have been 22 in one place and two or three in another. Whatever is in the factual basis –

THE COURT: All right.

MR. COOK:  -- is the quantity that we are familiar with.

THE COURT:  Have you told your lawyer everything you know about this case?

MR. HICKMAN:  Yes, sir, I think so.

THE COURT:  Do you believe that he is fully aware of all of [the] facts upon which these charges are based?

MR. HICKMAN:  Yes, sir.

THE COURT:  Has your lawyer advised you as to the nature and the meaning and the cause for these charges?

MR. HICKMAN:  Yes, sir, he has.

THE COURT:  Has he specifically advised you as to each and every element of the offense charged which the government must prove you guilty beyond a reasonable doubt.

MR. HICKMAN:  Yes, sir.

THE COURT:  Has he advised you as to the meaning of any and all words in the offense charged which [you] may not have understood?

MR. HICKMAN:  Yes, sir, he has.

THE COURT:  Has he advised you as to any legal defenses or any kind of defenses that you might have to these charges, if any you have?

MR. HICKMAN:  Yes, sir, he has.

THE COURT:  Are you satisfied with the advice your lawyer has given you?

MR. HICKMAN:  Yes.

THE COURT:  Are you, have you had enough time to talk to him about it?

MR. HICKMAN:  Yes.

THE COURT:  Are you satisfied with his representation of you?

MR. HICKMAN:  Yes, I am.

THE COURT:  Mr. Costner, you satisfied the defendant understands the charges against him?

MR. COSTNER:  I am.

THE COURT:  Have you advised him as to each and every element of the offense charged?

MR. COSTNER:  Yes, sir.

THE COURT:  You satisfied he understand[s] these elements as well as the legal definitions of all of the words in the offense charged.

MR. HICKMAN [sic]:  Yes, sir.

THE COURT:  The court advises that the maximum penalty provided by law for this charge or these charges is that you serve not less than five nor more than 40 years in prison, pay a fine of not more than two million dollars or both.  There is also a term of supervised release of four years and a mandatory special assessment in the amount of $100 on each count for a total of $400 together with the forfeiture of your firearm.  You understand that?

MR. HICKMAN:  Yes, sir.

THE COURT:  Knowing the penalty you still wish to plead guilty?

MR. HICKMAN:  Yes.

THE COURT:  You understand any sentence you receive in this matter will be determined by the sentencing guidelines?

MR. HICKMAN:  Yes, sir.

THE COURT:  You and your lawyer have discussed those guidelines have you not?

MR. HICKMAN:  Yes.

THE COURT:  You are aware of what they are?

MR HICKMAN:  Yes.

THE COURT:  You understand what the guidelines provide for – in your case approximately, how much time?

MR. HICKMAN:  Yes.

THE COURT:  How much time you looking at?

MR. HICKMAN:  I think he explained was it 16 to 18, was that what it was?

MR. COSTNER:  15 to 22 under the guidelines.

THE COURT:  15 to 22 what?

MR. COSTNER:  Years, maximum.

THE COURT:  With a minimum mandatory of five?

MR. COSTNER:  That is right.

THE COURT:  I understand that.  A minimum mandatory of five up to 15 to 22 years.  You understand that?

MR. HICKMAN:  Yes, sir.

THE COURT:  And the guidelines are based not only on the amount of illegal drug, but also any previous record that you have, any criminal activity. That is another thing that affects your sentence.

MR. HICKMAN:  I understand that.

THE COURT:  Knowing those guidelines provide what they do for you in your case, do you still wish to plead guilty?

MR. HICKMAN:  Yes, sir.

MR. COSTNER:  I apologize for interrupting.  There is a Count 2 of the indictment.  May I state the penalties.  It carries under the armed career criminal provision carries [sic] a term of imprisonment of no less than 15 years and up to life, a fine of up to $250,000 and a period of supervised release of

up to five years and special assessment fee of, as the court has already said, $100.

THE COURT: All right. The court didn't advise you fully. Now you are fully advised. You are looking at a minimum mandatory of 15 years.

MR. HICKMAN: Yes, sir.

THE COURT: Knowing that you still wish to plead guilty?

MR. HICKMAN: Yes, sir.

THE COURT: You think he understand[s] these guidelines?

MR. COSTNER: Yes, I do, Your Honor. I have also explained to him. I want to be sure this is in the record that there may or may not be a motion for downward departure filed. If the United States Attorney's Office, Mr. Cook, we have discussed this and Mr. Hickman understands that whatever activity he engages in that is helpful to the government may result, may result in a motion for downward departure and that the court, if the motion is filed, can depart from those minimum mandatories or does not have to. It's up to the court within its discretion. I think that is important that we have advised Mr. Hickman is aware of that [sic] and he wishes, of course, to cooperate. That is one thing that he is doing.

THE COURT: You understand that?

MR. HICKMAN: Yes, sir.

THE COURT: You understand that if your plea of guilty is accepted here, I can't put you on probation?

MR. HICKMAN: I understand that.

THE COURT: Are you presently on probation or parole for any previous offense at this time?

MR. HICKMAN: No.

THE COURT: By offering to plead guilty, you give up certain constitutional rights; the right to plead guilty and to persist in such a plea if it has already been made; the right to trial by jury; the presumption of innocence; the right to the assistance of counsel at trial; the right to confront and cross-

examine witnesses against you at trial; the right not to be compelled to incriminate yourself; the right to require the United States to prove you guilty beyond a reasonable doubt. You give up those rights when you plead guilty, as you know.

MR. HICKMAN: Yes, sir.

THE COURT: There has been a plea agreement in this case. I want to advise you and your lawyer that I am not bound by that plea agreement. I can accept it [or] reject it. You understand?

MR. HICKMAN: Yes, sir.

THE COURT: Now, aside from the plea agreement, has any officer or agent of the government promised or suggested that you will receive a lighter sentence or other form of leniency, if you plead guilty?

MR. HICKMAN: No.

THE COURT: Has any person, including any officer or agent of the government put any pressure on you mentally or physically to force you to plead guilty?

MR. HICKMAN: No.

THE COURT: Are you pleading guilty to these charges for any reason other than the fact that you are guilty?

MR. HICKMAN: No, sir.

[Criminal Action No. 3:96-cr-107, Court File No. 48, Transcript of Change of Plea, pp. 5-11].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced, or was otherwise involuntary, where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted

guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). In addition, it is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Hickman cannot now allege that he was not aware of the consequence of pleading guilty.

### E. Supplemental Allegations

In supplements to the § 2255 motion, Hickman alleges that his sentence constitutes cruel and unusual punishment, that it constitutes disparate treatment with respect to other drug traffickers, and that he did not qualify for enhancement as an armed career offender. Hickman's original § 2255 motion was timely filed; the amendments were filed after the expiration of the statute of limitation. Because the amendments raise new grounds for relief, they do not "relate back" to the date of the original filing and thus are time-barred. *See Mayle v. Felix*, 125 S. Ct. 2562 (2005). "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 2566.[3]

---

[3]The AEDPA established a one-year statute of limitation for both

IV.    Conclusion

Hickman is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**


_____*s/ James H. Jarvis*_____
              UNITED STATES DISTRICT JUDGE

---

motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254.  For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other.  *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).